## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | | |
|---|---|---|
| Linda Saylor-Marchant, | ) | Case No. 2:15-cv-3749-DCN-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| ACS and Catholic Guardian Services, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

Linda Saylor-Marchant ("Plaintiff") is proceeding *pro se* and has paid the full filing fee in this civil action. She complains that pursuant to court proceedings in New York, the defendants have placed her adult daughter's three minor children in foster care there. (DE# 1). She asks this Court to "order the children and their biological mother back to South Carolina" and to "order the city of New York to pay the $1,000,000.00 in damages." (*Id.* at 6). Also pending is Plaintiff's request for a "Temporary Restraining Order" ("TRO") against the defendants.[1] (DE# 5). She demands visitation, wants this Court to "remove and arrest caseworkers for taking and placing non-resident children in foster care without contacting blood relatives," wants this Court to "deal with the Queens Family Court and Administration of Children and Family services accordingly for not addressing and allowing this unethical behavior," wants the children placed in her (or a family member's) care, and wants "the City of New York fined for their (sic) agency's

---

[1] Plaintiff indicates that ACS is the "New York City Administration of Children's Services." (DE# 1 at 3).

negligence." (*Id.*). She complains of the New York court's application of New York law. (DE# 1 at 3-4).

In accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02(B)(2)(e), the Magistrate Judge is authorized to make a Report and Recommendation in this case. After careful review, the undersigned recommends that the Complaint be **summarily dismissed** without prejudice for lack of subject matter jurisdiction, and without issuance and service of process, for the following reasons:

I. Liberal Construction of Pro se Pleadings

Pro se pleadings are given liberal construction and are held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). However, "[t]he 'special judicial solicitude' with which a district court should view ... pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dept. of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir.1990). Giving "liberal construction" does not mean that the Court can ignore a petitioner's clear failure to allege facts that set forth a cognizable claim. *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir.2012), *cert. denied*, 133 S.Ct. 2401 (2013). "Principles requiring generous construction of pro se complaints ... [do] not require ... courts to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) *cert. denied*, 475 U.S. 1088 (1986).

II. 28 U.S.C. § 1915 inapplicable

Initially, the Magistrate Judge observes that pre-screening under 28 U.S.C. § 1915 is inapplicable in pro se, non-prisoner, fee-paid cases (such as the present case). *See Chong Su Yi v.*

*Social Sec. Admin*., 554 F.App'x 247 (4th Cir. 2014); *Bardes v. Magera*, Case No. 2:08–487–PMD–RSC, 2008 WL 2627134 at *8–10 (D.S.C. June 25, 2008). Therefore, the Magistrate Judge is not conducting initial review pursuant to 28 U .S.C. § 1915.

III.   <u>Discussion</u>

   A. <u>Subject Matter Jurisdiction Lacking</u>

   However, payment of the full filing fee does not cure a lack of subject matter jurisdiction. *See, e.g., Myers v. McKnight*, Case No. 2:10–-cv-3259–RMG–RSC, 2011 WL 221867 at *7 (D.S.C. Jan.5 2011) (dismissing suit because it concerned matters exclusively within the jurisdiction of state probate courts); *Myers v. Kaufmann*, Case No. 2:10–cv-2081–RMG–RSC, 2010 WL 4338097, *8 n.1 (D.S.C. Sept. 16. 2010) (same, dismissing suit challenging guardianship). This Court has the inherent authority to review a Complaint to ensure that subject matter jurisdiction exists. *See Davis v. Wilson*, Case No. 9:13–cv-382–GRA-BHH, 2013 WL 1282024, at *1 (D.S.C. Mar. 8, 2013), *adopted by* 2013 WL 1282024 (D.S.C. March 27, 2013), *aff'd by* 539 F.App'x 145 (4th Cir. 2013), *cert. denied by* 134 S.Ct. 940 (2014), *reh'g denied*, 134 S. Ct. 1371 (2014).

   Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc*., 147 F.3d 347, 352 (4th Cir.1998). A federal district court may sua sponte consider whether a valid basis for its jurisdiction exists and must "dismiss the action if no such ground appears." *Id.* at 352; see also Fed.R.Civ.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654

(4th Cir.1999); *and see, e.g., Cuyler v. Dept. of Army*, Case No. 3:14–cv-3228–CMC–SVH, 2014 WL 4635570 (D.S.C. Sept. 15, 2014) (summarily dismissing without issuance of summons).

Fed.R.Civ.P. 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction." *See also McNutt v. Gen. Motors Acceptc. Corp.*, 298 U.S. 178, 189 (1936). "[P]laintiffs must affirmatively plead the jurisdiction of the federal court." *Dracos v. Hellenic Lines, Ltd.*, 762 F.2d 348, 350 (4th Cir.), *cert. denied*, 474 U.S. 945 (1985). Plaintiff's Complaint fails to allege any basis for subject matter jurisdiction. Even liberally construed, the Complaint fails to allege facts that would provide any basis for federal question jurisdiction. The Complaint is therefore subject to summary dismissal. *See Brunson v. United States*, Case No. 3:14–cv-2540–JFA–PJG, 2014 WL 4402803 (D.S.C. Sept. 3, 2014) (summarily dismissing complaint because allegations were insufficient to establish subject matter jurisdiction); *Carter v. Ervin*, Case No. 0:14–cv–865–TLW, 2014 WL 2468351 (D.S.C. June 2, 2014) (summarily dismissing complaint without prejudice, and without issuance and service of process, for lack of subject matter jurisdiction), *appeal dismissed by* 585 F.App'x 98 (4th Cir. 2014); *Darby v. Cty. of Orangeburg,* Case No. 5:12–cv–2351–CMC–PJG, 2012 WL 4890221 (D.S.C. Sept. 26, 2012), *adopted by* 2012 WL 4891581 (D.S.C. Oct. 15, 2012) (summarily dismissing fee-paid pro se case for lack of federal question subject matter jurisdiction).

The Complaint does not refer to any federal statute, only vaguely refers to any constitutional rights, and does not allege any facts that would suggest any cognizable federal claim. Although courts liberally construe pro se pleadings, the Fourth Circuit Court of Appeals has instructed that courts should not "ignore a petitioner's clear failure to allege facts that set forth a cognizable claim." *Wilson*, 699 F.3d at 797. In her Complaint, Plaintiff alleges that "[n]ine months have passed and Catholic Guardian Services and ACS refuse to release three children." (DE# 1 at

4). She vaguely contends that "this is not in compliance with Federal Law [and] New York State law and polices (sic)." (*Id.*). She complains that she "exercised her Constitutional right – Freedom of Speech by contacting elected officials and agency representatives in both states informing them about the case and asking for assistance…" (*Id.*). Merely invoking the Constitution is insufficient to confer subject matter jurisdiction where the facts alleged do not support a federal claim. *See Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452–53 (4th Cir. 2012) (holding that complaint's allegations lacked specificity and did not involve any federal controversy) (quoting *Oneida Indian Nation of N.Y. v. Cty. of Oneida*, 414 U.S. 661, 666 (1974)); *Gibson v. Chaplin*, Case No. 3:13-cv-2490-JFA-PJG, 2013 WL 6150782 (D.S.C. Nov. 21, 2013) ("this court does not have subject matter jurisdiction over this case [because] … the allegations contained in the complaint are insufficient to show that the case in one arising under the Constitution, laws, or treaties of the United States").

Diversity jurisdiction would also provide no basis for subject matter jurisdiction here. "The federal courts have long held that diversity jurisdiction does not include the power to grant divorces, determine alimony or support obligations, or determine child custody rights." *Wasserman v. Wasserman*, 671 F.2d 832 (4th Cir. 1982), *cert. denied*, 459 U.S. 1014 (1982) (discussing the "domestic relations exception" to federal jurisdiction); *Cole v. Cole*, 633 F.2d 1083, 1087 (4th Cir. 1980) (same). Plaintiff's Complaint seeks custody of her three grandchildren. As Plaintiff's pleadings fail to establish a proper basis for subject matter jurisdiction, the Magistrate Judge recommends that this case be summarily dismissed.

B. <u>Rooker-Feldman Doctrine</u>

Moreover, Plaintiff indicates in her Complaint that she is a party in family court proceedings pending in New York. (DE# 1 at 2, ¶B). She complains that in her opinion, those

proceedings are taking too long. (*Id.* at 4). She also indicates that her husband has "filed emergency hearings in both family and NY State Supreme Court" but was "unsuccessful in having the children immediately removed from Foster Care." (*Id.* at 3-4, capitalization in original). A "party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court." *Am. Reliable Insurc. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)). This principle, known as the "Rooker–Feldman doctrine," prohibits a federal district court from considering "issues actually presented to and decided by a state court." *Id.* at 317 (quoting *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997), *cert. denied*, 524 U.S. 945 (1998)).[2] The Rooker–Feldman doctrine is jurisdictional, so it may be raised by the Court sua sponte. *Id.* at 316. It "operates principally to preserve the structure of appeals from state courts to the United States Supreme Court under 28 U.S.C. § 1257(a) and to bar any proceeding that would functionally amount to a lateral appeal to a United States district court." *Moore v. City of Asheville, N.C.*, 396 F.3d 385, 392 n.2 (4th Cir.), *cert. denied*, 546 U.S. 819 (2005).

Plaintiff is dissatisfied with the results of the New York child custody proceedings. In her present federal suit, she demands that the children be placed in her (or a family member's) care instead of foster care, seeks monetary damages, and seeks to have "the City of New York fined for their (sic) agency's negligence." (DE# 5). Although Plaintiff suggests that the New York court is "discriminating against me and my entire family because I am from South Carolina" and demands that this federal District Court "deal with the Queens Family Court" (DE# 5 at 1), she has alleged

---

[2] See *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476–82 (1983) (federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

no basis for this Court to interfere with family court proceedings in another state. "[T]he Rooker–Feldman doctrine applies ... when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." *Davani v. Va. Dept. of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006).

Even with liberal construction, the Complaint is subject to dismissal pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. *See, e.g., Randolph v. Metlife Bank NA*, Case No. 3:13–cv-111–MBS–PJG, 2013 WL 1386346 (D.S.C. March 4, 2013), *adopted by* 2013 WL 1386703 (D.S.C. Apr. 3, 2013) ("the complaint raised no colorable federal question"). The Fourth Circuit Court of Appeals has held that where a court lacks subject matter jurisdiction over a complaint, "dismissal prior to service of process is permitted." *Chong Su Yi*, 2014 WL 629513 at *1 (affirming dismissal without service in a fee-paid *pro se* case).

C. <u>Factors for TRO Not Satisfied</u>

Plaintiff has not shown any basis for a TRO. A plaintiff seeking a TRO must show that:

(1) she is likely to succeed on the merits,
(2) she is likely to suffer irreparable harm in the absence of preliminary relief,
(3) the balance of equities tips in her favor, and
(4) an injunction is in the public interest.

*Winter v. Nat. Resources Defense Council*, 555 U.S. 7, 20 (2008); *see also Munaf v. Geren*, 553 U.S. 674, 689-690 (2008). Plaintiff bears the burden of showing that each factor supports granting the injunction. *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 812 (4th Cir. 1991). Plaintiff did not mention these factors in her request for TRO or her Complaint. Although Plaintiff attached 65 pages of documents to her Complaint, the attached documents do not suggest a proper basis for a TRO. In fact, the attached documents indicate that Plaintiff's visitation rights were discontinued "based upon the consistent failure to comply with instructions not to bring other

individuals to your visit and based upon the aggressive behavior displayed during the last visit by both yourself and your husband." (DE# 4-1 at 7). One attached page (which appears to be from an unidentified family court order) indicates that:

> "the subject children have expressed a strong resistance to living with either the maternal grandmother [Plaintiff] or the maternal grandfather. The subject children have also expressed inappropriate behavior between the subject child, Dylon, and the maternal grandfather, which was also stated to the Agency case worker."

(DE# 4-1 at 6). While Plaintiff disputes this, the attached documents also indicate that Plaintiff was advised in writing that her adult daughter (the mother of the three children at issue) did <u>not</u> consent for the children to reside in South Carolina and that Plaintiff did not qualify as a certified foster parent in New York. (DE# 1-1 at 20). Hence, even aside from the lack of subject matter jurisdiction, Plaintiff's request for a TRO would be subject to dismissal because Plaintiff has not shown that she is likely to succeed on the merits.

## IV.  Recommendation

Accordingly, the Magistrate Judge recommends that the complaint (DE# 1) be **dismissed** without prejudice, and without issuance and service of process, for lack of subject matter jurisdiction; and the Plaintiff's request for a "Temporary Restraining Order" (DE# 5) should be **denied**.

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

November 4, 2015
Charleston, South Carolina


<u>Petitioner's attention is directed to the IMPORTANT NOTICE on the following page:</u>

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).